HEARD NOVEMBER TERM, 1874.

## WITHERS *vs.* JENKINS.

Where a voluntary deed of trust for the benefit of the wife and infant daughter of the grantor, purporting on its face to have been "signed, sealed and delivered," was executed in the absence of the grantee, and handed by the grantor to one of the subscribing witnesses, in the presence of the other, to be proved and recorded, which was done: *Held,* That this was a sufficient delivery to vest the title for the benefit of the *cestui que trusts,* though the grantee refused to accept the deed.

BEFORE CARPENTER, J., AT COLUMBIA, MAY TERM, 1874.

This was an action by Thomas Withers against Samuel Jenkins to recover the possession of a lot of land in the city of Columbia. The case was as follows:

The plaintiff, by his counsel, having opened his case, produced in evidence a deed, bearing date November 6, 1867, whereby the grantor, Samuel Jenkins, the defendant, conveyed to Francis Lopez, "his executors and administrators forever," upon certain

trusts, for the benefit of the grantor's wife and daughter, a parcel or lot of land, with its appurtenances, situate in the city of Columbia, in the said County, the same being the lot of land in dispute in this action. At the date of the said deed, the grantor lived upon the premises conveyed, with his wife and daughter, the latter then being an infant. The attesting clause of said deed is in the following words: "Signed, sealed and delivered in the presence of us, W. S. Monteith, T. L. Stark."

It was admitted on the part of defendant that the grantee, Francis Lopez, resided in the city of Charleston, in the said State, and was not present when the said deed was signed and sealed by the grantor, Samuel Jenkins.

The plaintiff then called as a witness Walter S. Monteith, who testified as follows:

"I saw the defendant, Samuel Jenkins, sign and seal the deed after it was read to him. He did so by making his cross to his name written opposite the seal. After the deed was signed and sealed, it was subscribed by myself and Theodore L. Stark as attesting witnesses. Samuel Jenkins then delivered it to me to be proved and recorded; and on the 11th November, 1867, I proved the deed by making the affidavit annexed to it, and on the same day I left it with the Register of Mesne Conveyance to be recorded, which was accordingly done. Francis Lopez declined to accept the office of trustee under the said deed."

In his affidavit annexed to the deed, witness W. S. Monteith deposes that he saw Samuel Jenkins "sign, seal and deliver the foregoing deed of conveyance."

Upon this evidence, the presiding Judge held, that, as the trust was voluntary and the trustee had declined it, there was insufficient proof that the deed had been delivered, and therefore ordered that the complaint be dismissed with costs.

The plaintiff appealed.

*Carroll & Janney, Pope & Haskell,* for appellant.

*Williams,* contra.

April 8, 1875. The opinion of the Court was delivered by

MOSES, C. J. It is not necessary to the valid execution of a deed that there should be actual delivery either to the grantee in

person or to some one expressly authorized to accept it on his behalf. Much less is such a requisition essential where the instrument creates a trust, conferring on the trustee a mere naked title, coupled with no interest. There he holds for the mere purpose of protecting and preserving the trusts for the beneficiaries who may be entitled to their enjoyments.

If the grantor, in the absence of the grantee, and without his knowledge, has actually consummated the delivery in accord with the purpose declared on the face of the instrument, the object to be effected by it is as fully accomplished as if there had been an actual transfer of the paper from the hands of the grantor to those of the grantee. Mr. Monteith, the witness, says that after it was signed and sealed by Jenkins, in the presence of the two subscribing witnesses, Jenkins handed it to him "to be proved and recorded." That within five days from its date he made the necessary affidavit and lodged it for record in the proper office. The intention of the grantor, signified by the words "signed, sealed and delivered" on the face of the deed, was thus carried into full effect and the delivery completed; it was beyond the power of recall by the grantor. "Delivery to a third person, for the use of a party in whose favor a deed is made, where the grantor parts with all control over the deed, makes the deed effectual from the instant of such delivery, although the person to whom the deed is so delivered be not the agent of the party for whose benefit the deed is made."—*Doe on Dem. of Garnons* vs. *Knight,* 5 B. & C., 671. In *Harris* vs. *Sanders,* 2 Strob. Eq., 370, it was held "that there was no prescribed form for the delivery of a deed. If it appears, from all the facts and circumstances, that the gift was complete, without any conditions or qualifications annexed, and without anything more remaining to be done, it is a valid delivery and a perfect deed, although left in the hands of the donor."

The delivery to a stranger, for the use and on behalf of the grantee, fulfils all the purposes which the grantor proposes by the act. If the deed is valid in other respects, when he has actually passed it from his control and directed it to be recorded, all his power over it is gone, and it at once becomes subject to that of the grantee.

The deed in question was a conveyance to one Lopez, "upon certain trusts, for the benefit of the wife and daughter of the grantor,"— the daughter then an infant. The trustee, who was not present

when the deed was signed and sealed, on notice of it, declined to accept. Upon the evidence offered, (which is above set forth,) the presiding Judge held "that, as the trust was voluntary and the trustee had declined it, there was insufficient proof that the deed had been delivered," and ordered a dismissal of the complaint.

Where a deed is delivered to a third party for and on behalf of the grantee, if it confers a benefit, the presumption is that he will accept it. It, however, may not arise where the conveyance is to a trustee, who, while he takes no interest under it, may subject himself to liability if he neglects a due performance of the duties which it imposes for the benefit of others. But though he may not be bound to accept, still his refusal to do so cannot operate to the prejudice of the *cestui que trust.* His dissent certainly cannot divest them of their rights under the deed, and the delivery so made by their grantor is as effectual, for all the purposes proposed by it, as if the trustee named had accepted in the most formal manner. His dissent cannot affect the trusts nor reinvest the grantor with the title from which he has parted. The grantor himself will even be regarded as the trustee if this is necessary to prevent a failure of the trust. The cases of *Dawson* vs. *Dawson*, Rich. Eq., 258, and *Cloud* vs. *Calhoun*, 10 Rich. Eq., 362, are so full to the point involved that reference to other authorities is not necessary.

That the trust was voluntary in no way affected the rights of those who took interests under it, which could not be defeated by the mere refusal of the trustee to accept. A voluntary deed, where there are no creditors or subsequent purchasers without notice intervening, is as binding on the grantor as a deed given for a valuable consideration, and the Courts will as readily enforce the one as the other.

The brief does not disclose through what right the appellant, the plaintiff in the Court below, asserted a claim to the property for the recovery of which the action was brought. From what, however, does appear, we are authorized to infer that the deed of Jenkins was a necessary link in his claim of title. In the face, then, of his own written declaration that he "signed, sealed and delivered" the deed, without any proof on his part that it was intended as an escrow, or evidence of some act, at the time contradictory of or inconsistent with his expressed intention, how can Jenkins contend that, at least against him, any necessary element in the execution of it was wanting?

The motion is granted, the order dismissing the complaint set aside, and the case remanded for a new trial.

*Wright,* A. J., and *Willard,* A. J., concurred.